# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | | |
| | : | Magistrate Case No. 05-8070-01/02 |
| CARLOS A. TORRES | | |
|    a/k/a "Gerald Martinez" | | |
|    a/k/a "Angel Betancourt" and | | |
| WIL R. GARCIA-MERCEDES | : | |
|    a/k/a "Shorty" | | |

    I, Gregory Hilton, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 25, 2005, in Essex County, in the District of New Jersey and elsewhere, defendants,

    did knowingly and intentionally conspire and agree with each other and others to distribute and possess with intent to distribute 500 grams or more of cocaine a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Section 841 (a)(1) and (b)(1)(B)(ii)

in violation of Title 21 U.S.C.§ 846.

    I further state that I am a Special Agent with the United States Drug Enforcement Administration and that this complaint is based on the following facts:

SEE ATTACHMENT A

Continued on the attached pages and made a part hereof.

                                                Gregory Hilton
                                               Special Agent
                                               Drug Enforcement Administration

Sworn to before me and subscribed in my presence,
on this 26th day of April, 2005,
in Newark, New Jersey.

HONORABLE MADELINE COX ARLEO                            
United States Magistrate Judge                                  Signature of Judicial Officer

## ATTACHMENT A

I, Gregory Hilton, a Special Agent with the Drug Enforcement Administration, am aware of the following facts as a result of my investigation and after having spoken with other individuals:

1. Prior to April 2005, a confidential informant provided Drug Enforcement Administration (hereinafter "DEA") agents with information that defendant CARLOS A. TORRES (hereinafter "TORRES") was involved in the distribution of cocaine.

2. Thereafter, a confidential informant (hereinafter "CI-1") engaged in a series of consensually recorded telephone conversations and meetings with TORRES regarding the purchase of cocaine from TORRES.

3. On or about April 25, 2005, during a consensually recorded telephone conversation, TORRES agreed to meet CI-1 at the corner of Mt. Prospect Ave. and Abington Ave. in Newark, New Jersey to sell him between one to two kilograms of cocaine.

4. On or about April 25, 2005, DEA agents set up a surveillance of the pre-arranged meeting location and observed CI-1 and another confidential informant (hereinafter "CI-2") arrive at the location as instructed. DEA agents also observed TORRES arrive at the location in a silver Escort station wagon with a New Jersey license plate. TORRES was wearing blue jeans, a blue jean jacket and a black cap. DEA agents observed CI-1 walk to the pre-arranged location from the vehicle where CI-2 remained. DEA agents then observed TORRES enter the silver Escort station wagon along with CI-1. Shortly thereafter, TORRES drove the vehicle away with CI-1. DEA agents followed TORRES who drove to 212 Highland Ave., in Newark, New Jersey and observed both TORRES and CI-1 and enter that location. Approximately twenty minutes later, CI-1 exited the location with TORRES and was driven back to Mt. Prospect Ave and Abington Ave. DEA agents also observed in the vicinity of 212 Highland Ave. a green Honda Accord with a NJ license plate.

5. CI-1 advised DEA agents that upon arriving at 212 Highland Ave. with TORRES they entered apartment # 302 at that location. Upon entering the apartment CI-1 observed defendant WIL R. GARCIA-MERCEDES a/k/a " Shorty" (hereinafter "GARCIA-MERCEDES") in the apartment. CI-1 knew GARCIA-MERCEDES to drive a green Honda Accord. While in the apartment TORRES and GARCIA-MERCEDES showed CI-1 a white powdery substance wrapped in plastic and secured by duct tape in the shape of bricks which they stated were two kilograms of cocaine. CI-1 and TORRES then entered into negotiations for the purchase of one of those two kilograms of cocaine. TORRES wanted CI-1 to immediately purchase the one kilogram of cocaine. CI-1 declined to purchase the one kilogram and asked TORRES to attempt to get a larger quantity and meet CI-1 at another location later on that day.

6. Later on that day, CI-1, during a consensually recorded conversation, agreed to purchase one kilogram of cocaine from TORRES. TORRES told CI-1 to meet GARCIA-MERCEDES at Abington Ave., Newark, NJ at which time CI-1 would receive the cocaine.

7. DEA agents conducted a surveillance of 212 Highland Ave. and Abington Ave. Shortly thereafter, DEA agents observed GARCIA-MERCEDES exit 212 Highland Ave. and enter the green Honda Accord parked in the immediate vicinity of that location. Subsequently, DEA agents observed a green Honda Accord arrive at location in Abington Ave. previously agreed to by TORRES and CI-1.

8. DEA agents approached the green Honda Accord and detained GARCIA-MERCEDES and observed a shoe box sitting on the front seat. DEA agents also immediately smelled emanating from within the passenger compartment the odor of acetone, a chemical known to them as being used in the processing of cocaine. Within the shoe box DEA agents recovered a white powdery substance wrapped in plastic and secured by duct tape in the shape of a brick, believed to be cocaine. A subsequent field test of the substance recovered tested positive for cocaine with a total weight of approximately one kilogram. GARCIA-MERCEDES was arrested. TORRES was later stopped and placed under arrest.

9. GARCIA-MERCEDES stated that he did not know what the contents of the shoebox were. He further stated that he lived at 212 Highland Ave., apartment 302. He further consented to the search of his apartment.

10. Pursuant to GARCIA-MERCEDES' consent DEA agents entered 212 Highland Ave., Apt. 302 and recovered two brick shaped packages wrapped similarly to the package seized from the green Honda Accord driven by GARCIA-MERCEDES, which had previously been cut open and emptied. DEA agents also recovered were two kilogram presses, acetone, and a roll of masking tape from that location.